## HOWELL v INDUSTRIAL COMMISSION

Ohio Appeals, 1st Dist, Butler Co

No 688.   Decided Oct 26, 1936

Messrs. Cowan, Adams & Adams, Columbus for appellee.

Mr. John W. Bricker, Columbus and Mr. R. R. Zurmehly, Columbus, for appellant.

## OPINION

By ROSS, PJ.

This is an appeal on questions of law from a judgment of the court of common pleas of Butler county.

· The appellee received an injury on March 28, 1921, and has received full compensation therefor, based upon partial disability. Thereafter, although still partially disabled he returned to work January 11, 1923. On January 22, 1926, he received another injury which caused severe illness resulting in total disability.

On December 24, 1930, the Industrial Commission denied further compensation for total disability, on the ground that such total disability was not due to, or directly caused by the injury of March 28, 1921.

This action is predicated upon the jurisdictional question thus raised.

The court in his charge to the jury stated:

"Now counsel in this case have agreed that there is one question and only one, to be submitted to you for your decision and that is—was the injury sustained on the 29th of March 1921 a proximate cause of the plaintiff's disability?"

This was, therefore, the sole question in the case.

The jury in answer to a special interrogatory stated that the accident and injury of March 28, 1921 directly contributed to produce the disability, for which compensation was denied.

A physician testified:

"A. The first injury resulted in an infection of a severe character evidently caused by the streptococcus and involved the entire left forearm and part of the left arm. The severity of this infection was indicated by the wide sloughing of tissues which later required grafting of skin. This type of infection is commonly known as blood poisoning and produces general effects throughout the body, not the least of which is an affection of the bones and joints at times. The infection of the forearm was so severe that the tissues thereof were badly damaged and did not possess any more their normal powers of resistance to further infection. Skin which has been transplanted or grafted upon an area

seldom acquires the blood supply necessary to endow it with the resistance of normal skin. Furthermore, such a severe infection as was present following the injury in 1921 with its attendant swelling of all the tissues of the forearm encroached upon the deeper blood supply of the forearm and as healing finally ensued fibrous tissues developed even in the deeper portions of the forearm with the effect of strangulating many of the finer ramifications of the blood supply to this extremity. This interference with the blood supply and this lowered local tissue resistance in the left forearm was very definitely a factor in allowing spread of infection to become rampant after the second injury, which followed later. It is quite likely that the infection in the left upper extremity after the second injury would have been not nearly so bad or as extensive had it taken place in normal tissues possessing normal powers of resistance, but in this case it spread with little opposition on the part of the body and was again able to flood the general system with toxic material. The condition of the left upper extremity is definitely a local effect following the injury, that is due to contractures and scar formation, which limit the motion of the elbow and forearm and hamper action of the hand because of interference with the muscles of the forearm which carry out the movements of the hand and fingers.

"Mr. Zurmehly: Move the answer be excluded.

"Q. 17. Doctor, tell us whether or not in your opinion Mr. Howell would be in his present condition had it not been for the first injury of 1921 and the extensive skin grafting which followed?

"Mr. Zurmehly: I object.

"A. No; I think that this injury with its subsequent infection form the entire basis of his present disability."

It is obvious from reading the record that the first injury to the appellee caused a general weakened resistance of the whole system. His defenses were broken down. A subsequent attack caused by a re-infection caused total disability.

This proceeding being predicated solely upon the first injury, such injury must necessarily constitute the proximate cause of the present total disability, or there can be no compensation for such total and permanent disability, about the existence of which there can be no question.

Statements by a physician that the in-

jury of 1921 broke down the defenses against infection in the appellee, making him more susceptible to such new attack, have been quoted. Is this enough? Does it bring him within the rule laid down in the case of Ackerman, v Industrial Commission, 131 Oh St 371. The first and second paragraphs of the syllabus of that case are:

"1. In an action brought by a dependent for a death award under the Workmen's Compensation Act, on the ground that the injury accelerated a diseased condition and hastened death, such diseased condition must exist at the time of injury, else the case is not compensable.

"2. Unless and until it is shown that the diseased condition existed at the time of injury, all testimony tendered for the purpose of showing acceleration of a diseased condition is incompetent and should be excluded."

There is nothing in this record which shows that the injury of 1921 produced in appellee a disease which was progressive, and that the injury of 1926 merely accelerated this progress. Charges based upon this hypothesis were therefore erroneous. While the effects of the 1921 injury remained, the disease caused by the injury had ceased. One might be badly crippled and handicapped by the results of typhoid fever. An injury which would not have seriously affected a normal person might be disastrous to one so affected. We hardly think counsel for appellee would entertain with any great amount of complacency a contention on the part of the Industrial Commission that the result of the typhoid fever was the proximate cause of a total disability resulting from an injury to such handicapped employee, when the case of the claimant in such case was predicated upon the injury received after being crippled by the disease.

On the other hand, a claimant suffering from tuberculosis, which, if not arrested, is a progressive, continuing attack upon the life sustaining tissues of the body, might well sustain an accidental injury and suffer a collapse.

A simple jury question might under these circumstances easily arise. Was the disease alone or the accidental injury alone the cause of the physical disability, or did the injury accelerate the action of the disease which was still progressing, causing a precipitation of collapse, which would not have occurred had normal conditions prevailed? No such jury question is presented here. The facts unequivocally show that a static condition existed in the claimant. He still suffered from the effects of a disease which had ceased. It had ceased just as much as if he had had small pox or typhoid fever in his youth. The case is easily distinguished from those in which progressive attacks continue in the claimant.

The motion for an instructed verdict should have been granted.

The judgment of the court of common pleas is reversed and judgment may here be entered for the appellant.

MATTHEWS, J, concurs.